[No. 19522. Department One.—June 24, 1895.]

O. J. FLAGG, APPELLANT, *v.* D. D. DARE ET AL., RESPONDENTS.

ATTACHMENT—ACTION UPON CONTRACT—PURCHASE OF STOCK.—In an action upon a contract for the purchase of shares of bank stock, by the terms of which it was agreed that upon sixty days' notice the defendants would purchase the stock at an agreed price per share, with interest from the time of the investment, in consideration of a subscription by the plaintiff for the same number of shares of bank stock, a complaint setting up the contract and alleging that plaintiff gave the defendants the required notice, and offered to deliver the stock to them, and demanded that they purchase the same and pay therefor the agreed price per share and interest, and that defendants refused to accept and pay for the stock or perform their agreement, shows that the action is founded upon an

express contract for the direct payment of money, upon which an attach-
ment may be issued.

ID.—AFFIDAVIT FOR ATTACHMENT—STATEMENT OF CONTRACT.—It is not
necessary that an affidavit for attachment should state whether the
contract for the payment of money is express or implied, and an affi-
davit showing that the defendants are indebted to the plaintiff in a
specified sum upon a contract for the direct payment of money is suffi-
cient.

APPEAL from an order of the Superior Court of San
Diego County dissolving an attachment.

The facts are stated in the opinion.

*T. J. Capps, D. M. Hammack,* and *Haines & Ward,* for
Appellant.

The attachment was properly issued. (*Donnelly* v.
*Strueven,* 63 Cal. 182; *Dunn* v. *Mackey,* 80 Cal. 107; Code
Civ. Proc., sec. 537; *Kohler* v. *Agassiz,* 99 Cal. 9–13.)
The affidavit for attachment was sufficient. (*Simpson* v.
*McCarty,* 78 Cal. 175; 12 Am. St. Rep. 37; *Weaver* v.
*Hayward,* 41 Cal. 117; *Bank of California* v. *Boyd,* 86
Cal. 386, 389; *Wheeler* v. *Farmer,* 38 Cal. 203, 215, 216.)

*Charles Wellborn,* for Respondent.

The affidavit was insufficient. (Code Civ. Proc., sec.
538; *Hawley* v. *Delmas,* 4 Cal. 195; *Wilke* v. *Cohn,* 54
Cal. 214; *Harvey* v. *Foster,* 64 Cal. 297; *Simpson* v. *Mc-
Carty,* 78 Cal. 178; 12 Am. St. Rep. 37.)

BELCHER, C.—This is an appeal from an order dissolv-
ing an attachment.

It is alleged in the complaint that on the twentieth
day of January, 1891, the plaintiff purchased and had
issued to him forty shares of the capital stock of the
California National Bank of San Diego, for which he
then paid five thousand dollars, and that he afterward
received as dividends on the stock one hundred and
twenty-five dollars and no more; that to induce plaintiff
to purchase the said stock the defendants, prior to the
said purchase, made and executed their agreement in
writing, reading as follows:

"SAN DIEGO, CALIFORNIA, Jan. 20, 1891.

"In consideration of the subscription of Mr. O. J. Flagg for forty shares of the capital stock of the California National Bank of San Diego, California, at the price of one hundred and twenty-five dollars per share, we, the undersigned, hereby agree that in the event of the said O. J. Flagg desiring to dispose of the said forty shares of bank stock, that we will, on sixty days' notice, purchase the same at a price at not less than one hundred and twenty-five dollars per share, and allow the said O. J. Flagg interest on said stock at the rate of not less than ten per cent per annum for the time the money was invested, less any dividends which may have been paid on said stock.

[SIGNED]   "D. D. DARE,<br>
"J. W. COLLINS,<br>
"S. G. HAVERMALE."

It is further alleged that on the 8th of August, 1891, plaintiff desired to dispose of his said stock, pursuant to the terms of said agreement, and so notified defendants; that he was then and at all times mentioned able to return said stock to defendants, and thereafter, on the 10th of October, 1891, he offered to return the same to them, and demanded of them the performance of their agreement and that they take and purchase from him the said shares of stock at the price he paid for the same, and allow him ten per cent per annum on his investment of five thousand dollars for the time said money was invested, but, to perform the same, or any part thereof, defendants failed and refused, and still fail, neglect, and refuse to do so; that plaintiff tenders said stock into court, and prays judgment against defendants for the sum of five thousand dollars, and interest thereon at the rate of ten per cent per annum from January 20, 1891, less the sum of one hundred and twenty-five dollars received by him as dividends thereon.

At the time of filing his complaint plaintiff asked for a writ of attachment, and, to obtain the same, presented and filed with the clerk an affidavit reading as follows:

[Title of Court and Cause.]

"STATE OF CALIFORNIA,⎱ ss.
"County of San Diego.⎰

"O. J. Flagg, being duly sworn, says: That he is the plaintiff in the above-entitled action; that the defendants in the said action are indebted to him in the sum of five thousand and four hundred and one and thirty-eight one-hundredths dollars, lawful money of the United States, over and above all legal setoffs and counterclaims, upon a contract for the direct payment of money, to wit: For forty shares of the California National Bank stock at $125 per share, with ten per cent per annum interest from January 20, 1891, less $125, semiannual dividends on said stock, and that such contract was made and is payable," etc.

A writ of attachment was issued, and thereafter the defendant, Havermale, moved the court for an order dissolving the same upon the grounds: 1. That the action was not based upon a contract, express or implied, for the direct payment of money; 2. That no legal affidavit, as required by section 538 of the Code of Civil Procedure, was filed with or given to the clerk of the court before the issuance of the writ.

The court granted the motion upon both of the grounds named, and from the order so made the plaintiff appeals.

Two questions only are presented for review. They are: 1. Was the action one in which, under the provisions of the code, an attachment could be issued? and 2. Was the affidavit sufficient to authorize the issuance?

Section 537 of the Code of Civil Procedure provides that a writ of attachment may be issued "in an action upon a contract, express or implied, for the direct payment of money," etc. As we read the complaint in this case it sets up an express contract for the direct payment of money. By the agreement set out the defendants in effect promised to purchase from the plaintiff forty shares of certain bank stock, and to pay him

therefor not less than one hundred and twenty-five dollars per share, with interest, on receiving sixty days' notice that he desired to sell the same. The complaint alleges that plaintiff gave the defendants the required notice, and offered to return the stock to them, and demanded that they purchase the same and pay therefor the agreed price of one hundred and twenty-five dollars per share and interest, and that they refused to accept and pay for the stock, or to perform their agreement, or any part thereof. This clearly shows that the action was founded on contract, and was one in which an attachment might properly be issued. (See *Donnelly* v. *Strueven*, 63 Cal. 182, and *Dunn* v. *Mackey*, 80 Cal. 104.)

Section 538 of the Code of Civil Procedure provides that the clerk of the court must issue the writ of attachment upon receiving an affidavit showing that the defendant is indebted to the plaintiff "upon a contract, express or implied, for the direct payment of money."

In *Hawley* v. *Delmas*, 4 Cal. 196, the affidavit for attachment followed the language of the statute, and stated that the defendants were indebted to the plaintiff "upon a contract, express or implied, for the direct payment of money"; and it was held insufficient, because the statement was in the alternative. In *Simpson* v. *McCarty*, 78 Cal. 172, 12 Am. St. Rep. 37, the words "express or implied" were entirely omitted from the affidavit, and it was simply stated that the indebtedness was "upon an account stated, a contract for the direct payment of money." This affidavit was held to be sufficient, and the court said: "As regards the right to attach, it makes not a particle of difference whether the contract is express or implied." The court further said: "It may be true, as contended by counsel for appellant, that an account stated can be either an express or implied contract; but, on the other hand, it is undeniable that in either case it is a contract for the direct payment of money. The allegation that there is an

account stated makes it certain that at least the elements of the implied contract exist."

In this case we think it sufficiently appears from the affidavit that there was an indebtedness arising on contract for the direct payment of money. It was not necessary that the affidavit should state whether the contract was express or implied. "The indebtedness to plaintiff is the principal element required in the affidavit, and, when that appears by direct statement, and there is nothing in the affidavit inconsistent with such direct statement of indebtedness, the affidavit as to such indebtedness should, in our judgment, be held sufficient." (*Bank of California* v. *Boyd*, 86 Cal. 388.)

We think the court erred in dissolving the attachment, and its order should be reversed.

HAYNES, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the order is reversed.

GAROUTTE, J., MCFARLAND, J., VAN FLEET, J.