[Civ. No. 2968. First Appellate District, Division One.—January 16, 1920.]

## CALIFORNIA PACKING CORPORATION (a Corporation), Respondent, v. S. KATO, Appellant.

[1] ATTACHMENT—CONTRACT FOR SALE AND DELIVERY OF CROP—ACTION FOR DAMAGES FOR BREACH.—In an action for damages for breach of an agreement for the sale and delivery of a crop of tomatoes, the issuance of an attachment is not authorized.

APPEAL from an order of the Superior Court of Alameda County denying a motion to dismiss an attachment. William S. Wells, Judge. Reversed.

The facts are stated in the opinion of the court.

Sapiro, Neylan & Ehrlich for Appellant.

Pillsbury, Madison & Sutro, Thomas, Beedy & Lanagan and A. E. Roth for Respondent.

WASTE, P. J.—[1] This is an appeal from an order denying a motion to dismiss an attachment. The action was brought by respondent to recover damages from the appellant, by reason of a breach of his agreement to sell and deliver a crop of tomatoes. It is alleged in the complaint that under the terms of the contract between the parties the defendant agreed to sell and deliver, and plain-

tiff agreed to buy, when the same became ripe and ready for delivery, all tomatoes grown on a designated parcel of land. The price agreed to be paid was the sum of fifteen dollars per ton. The damage alleged is the difference between that price and the market price of the tomatoes on the day that appellant contracted to deliver them, and upon every day after that time to the filing of the suit, which market price is alleged to be twenty-five dollars per ton.

The affidavit for attachment contains the averment that the defendant in the action "is indebted to plaintiff in the sum of two thousand dollars ($2000), over and above all legal set-offs and counter-claims upon a contract for the direct payment of money, to-wit, a contract by which the defendant agreed to pay plaintiff the difference between three thousand dollars ($3000), the contract price of a certain crop of tomatoes, and five thousand dollars ($5000), the market value of said tomatoes." It further shows that the contract was made, and was payable, in this state, and complies fully with section 538 of the Code of Civil Procedure, which prescribes what an affidavit for attachment must contain.

The defendant made a motion to dissolve the writ of attachment upon the ground that the same was improperly and irregularly issued, in that there is a fatal variance between the affidavit upon which it was issued and the complaint, in the action, specifying two reasons: (1) That it appears upon the face of the complaint in the action that the defendant is not indebted to plaintiff upon a contract, express or implied, for the direct payment of money; (2) that the action is one for damages only, and the damages are not liquidated.

Respondent insists that the action is one upon an implied contract for the direct payment of money, to wit, an implied contract to pay the buyer the difference between the contract price and the market value of the goods.

After this matter was submitted and first decided the decision of the supreme court in *Willett & Burr* v. *Alpert et al.*, 181 Cal. 652, [185 Pac. 976], was handed down. A petition for a rehearing has since been denied. In that opinion the precise question presented by this appeal was considered and decided. We are unable to distinguish the nature of the transactions in the two cases. There the con-

tract was to sell a large amount of railroad equipment. It was alleged in the complaint that the defendant delivered only 425 tons, instead of six hundred tons of rails, and that by reason of such failure the plaintiff had been damaged. An attachment was issued, the affidavit therefor being in the usual form and, as in the case at bar, alleged that each of the defendants was indebted to the plaintiff in the sum of $6,562.50, upon an express contract for the direct payment of money.

A motion was made to dismiss the attachment, which was granted. One of the grounds of the motion was that the writ of attachment was irregularly issued in that the claim sued upon "was not an indebtedness due from defendant to plaintiff upon a contract express or implied, for the direct payment of money, but that, on the contrary, said alleged claim set forth in plaintiff's complaint herein is for an alleged breach of contract upon a claim for unliquidated damages."

After an exhaustive examination of the question thus presented, and a study of the authorities cited, many of which have been presented for our consideration, the court upheld the lower court's ruling. The heart of the decision is contained in the following quotation:

"To recapitulate, it is plain in the present case that there is no express contract for the direct payment of money; it is also plain that there is no implied contract unless the law creates the fiction of one for the purpose of permitting an action upon a common count; and, finally, it is a well-settled rule that an action upon a common count will not be permitted in such a case as this, where there is an express contract to do something else than pay money, and damages are sought because of the failure of the defendant to do that something else. It follows that the present action is not one in which the statute authorizes the issuance of an attachment. To hold otherwise would be simply to wipe out the statute and permit an attachment in every action for damages for a breach of contract, regardless of whether or not the contract be one for the direct payment of money."

The order appealed from is reversed.

Knight, J., *pro tem.,* and Richards, J., concurred.