[Civ. No. 3556. First Appellate District, Division One.—March 8, 1921.]

ALFRED GREENEBAUM, Respondent, v. C. HENRY SMITH, Appellant.

[1] CONTRACTS—BREACH OF CHARTER-PARTY—MEASURE OF DAMAGES.— In actions against the charterer of a ship for a total breach of his contract the measure of damages is the net amount which would have been earned by the vessel under the charter, less the net amount earned, or which might with reasonable diligence have been earned by the vessel during the time required for the performance of the voyage named in such contract of charter.

[2] ID.—ACTION FOR DAMAGES—ASCERTAINMENT OF AMOUNT—ATTACH- MENT.—An action for damages for breach of a charter-party, while not an action for a debt in a technical sense, nor for a cer- tain sum of money specified in the contract, is nevertheless an ac- tion for the breach of a contract for the direct payment of money, and merely because the amount is uncertain, consisting of dam- ages to be proven at the trial, is no reason why an attachment may not issue where such damages are easily ascertainable ac- cording to fixed standards supplied by the contract or the law act- ing upon it.

[3] ID. — ATTACHMENT — CONSTITUTIONALITY OF CODE SECTION — UNI- FORMITY OF OPERATION.—Section 537 of the Code of Civil Proce- dure operates uniformly in favor of persons damaged by the breach of a contract to pay them money, and the fact that the remedy is not given against breaches of a different character, though it might be logical in such cases to give it, does not deprive it of the uniformity of application which the constitution prescribes.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to discharge an attachment. F. J. Murasky, Judge. Af- firmed.

The facts are stated in the opinion of the court.

Andros & Hengstler and F. Eldred Boland for Appellant.

Wm. Denman and J. F. Resleure for Respondent.

KERRIGAN, J.—This is an appeal from an order deny- ing defendant's motion to discharge an attachment. The action is for breach of a charter-party. At the commence-

ment of the action the plaintiff had a writ of attachment and caused its levy upon property of the defendant. The defendant moved to quash the writ and vacate the attachment, upon two grounds; first, that the action is not one within section 537 of the Code of Civil Procedure, i. e., it is not for the direct payment of money; second, that if the case is within said section, then defendant is deprived of the equal protection of the laws because, in like case, if plaintiff had breached the contract, the defendant could not have secured an attachment. The defendant supported his motion with an affidavit that he was at all times pertinent to the action a resident of the state of California. His motion was denied, and he takes this appeal from the court's order in that behalf.

The plaintiff was the owner of the schooner "Bangor," and chartered the vessel to the defendant under a written contract, made and payable within the state of California, for a voyage from Sidney, New South Wales, to San Francisco. Under this contract defendant agreed to load a full and complete under-deck cargo of copra in bulk, and a full and complete deck cargo of vegetable oil in barrels or drums, or general merchandise, and agreed to pay forty dollars per ton on the under-deck cargo, and twenty-five dollars per ton on the deck cargo. The "Bangor" could have carried five hundred tons of the agreed cargo under deck and four hundred tons on deck, so that had the defendant provided the cargo agreed upon by him he would have been required to pay in all the sum of thirty thousand dollars. Defendant failed to provide such cargo and the "Bangor" was compelled to sail empty from Sidney to San Francisco. This action was brought to recover thirty thousand dollars freight money, less the sum of two thousand dollars which plaintiff would have been obliged to pay for loading and discharging at the ports of Sidney and San Francisco respectively. The plaintiff accordingly fixed his damage at the sum of twenty-eight thousand dollars.

The measure of damages in this class of cases seems to be well settled.

[1] In actions against the charterer of a ship for a total breach of his contract such measure is the net amount which would have been earned by the vessel under the charter, less the net amount earned, or which might with

reasonable diligence have been earned, by the vessel during the time required for the performance of the voyage named in such contract of charter. (*Cornwall* v. *Moore,* 132 Fed. 868; *Utter* v. *Chapman,* 43 Cal. 279; 7 Cyc. 294.) [2] This being an action for damages for the breach of an executory contract defendant contends that it cannot be held to be an action on a contract for the direct payment of money. True, this is not an action for a debt in a technical sense, nor for a certain sum of money specified in the contract, but it is nevertheless an action for the breach of a contract for the direct payment of money, and merely because the amount is uncertain, consisting of damages to be proven at the trial, is no reason why an attachment may not issue where, as here, such damages are easily ascertainable according to fixed standards supplied by the contract or the law acting upon it. (*Dunn* v. *Mackey,* 80 Cal. 104, [22 Pac. 64]; *Flagg* v. *Dare,* 107 Cal. 482, [40 Pac. 804]; 6 Corpus Juris, 81.) In the first mentioned of these cases defendant sold certain real property to the plaintiff, agreeing to sell the property for plaintiff within twelve months, and guaranteed to pay over a specified amount therefor. The complaint alleged defendant's failure and refusal to sell the property, and alleged the damages to be the difference between the sum agreed and the highest market value of the property since the expiration of the year. It was held that while the action was for damages for the breach of a contract, nevertheless, since they could be ascertained with sufficient certainty so that plaintiff could aver the amount due in his affidavit, the attachment should issue. The court said: "Our code does not require that the amount due on the contract shall appear from the contract itself (Code Civ. Proc., sec. 537), but that the amount of the indebtedness shall be shown by affidavit. (Code Civ. Proc., sec. 538.) Attachment may issue in an action for damages for breach of a contract. (*Donnelly* v. *Streven,* 63 Cal. 182.) And this where proof is necessary at the trial to show the amount of damages. (Drake on Attachment, secs. 13, 23.)"

In the case of *De Leonis* v. *Etchepare,* 120 Cal. 407, [52 Pac. 718], the court approves of the reasoning in *Dunn* v. *Mackey* in the following language: "Nor is it necessary, in order to give a right of attachment, that the

amount in which the defendant may be liable should appear upon the face of the contract or instrument by or from which the liability is to be determined. It often happens that the amount due under a contract does not appear from the contract itself. 'Our code does not require that the amount due on the contract shall appear from the contract itself,' . . . '' quoting from the opinion the language above set out, and resumes: ''But there must exist a basis upon which the damages can be determined by proof.''

[3] It is argued by the appellant that for a breach by either of the parties to a contract of the character under consideration the correlative remedy is an action for damages, but in the event that the breach is by the defendant, the valuable right of attachment is given to the plaintiff for the reason that the undertaking of the defendant is to pay money, whereas were the situation reversed, the defendant could not avail himself of the right of attachment, since the breach of which he complains is the plaintiff's failure to transport freight (*Willett & Burr* v. *Alpert,* 181 Cal. 651, [185 Pac. 976]); that, therefore, section 537 of the Code of Civil Procedure is unconstitutional in that it denies to one of the parties to a contract the 'equal protection of the law. We may concede that a statute would be unconstitutional in this respect which conferred special rights and remedies on one class which others in the same class could not avail themselves of. We think, however, that the statute under consideration is not of this character, since it operates uniformly in favor of persons damaged by the breach of a contract to pay them money. That the remedy is not given against breaches of a different character, though it might be logical in such cases to give it, does not, in our opinion, deprive it of the uniformity of application which the constitutional provision here invoked has in view.

The order is affirmed.

Richards, J., and Waste, P. J., concurred.

'A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 5, 1921.

All the Justices concurred.