[Civ. No. 4399.   First Appellate District, Division One.—February 6, 1923.]

## J. F. STURTEVANT, Appellant, v. K. HOVDEN COMPANY, Respondent.

[1] ATTACHMENT—SALE OF GOODS—FULL PAYMENT—BREACH OF IMPLIED WARRANTY.—An action by a buyer of goods for which the full purchase price has been paid for the loss suffered from a breach of an implied warranty of quality is not one in which the plaintiff is entitled to an attachment under subdivision 1 of section 537 of the Code of Civil Procedure, since the action is not upon a contract for the direct payment of money.

APPEAL from an order of the Superior Court of the City and County of San Francisco dissolving an attachment. George H. Cabaniss, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thomas, Beedy & Lanagan for Appellant.

Fred A. Treat, Wm. C. Bacon and Redman & Alexander for Respondent.

TYLER, P. J.—Appeal from an order dissolving an attachment.

The sole question here involved is whether or no the two causes of action set forth in the complaint, or either of them, is of such a character as to warrant the issuance of an attachment.

The first cause of action is based upon the theory of rescission and rejection, the complaint in substance alleging that plaintiff's assignors purchased from defendant in San Francisco certain canned apricots of specified grades and

standards, to be shipped to New York. The goods so purchased were fully paid for. Upon arrival at their destination it was discovered, so it is alleged, that they were not up to standard. Plaintiff's assignors registered an objection to the goods, but subsequently sold the same. Upon such sale they did not receive the amount of the contract price, and, as an additional loss, they were subjected to certain expenses, which brought the amount of their alleged damage to the sum of $2,946.44.

The second cause of action sets forth the same state of facts, but under it plaintiff seeks recovery, not upon the theory of rescission, but upon the basis of a breach of an implied contract of guaranty.

An attachment was issued in the action, which was subsequently vacated and set aside by the trial court upon its conclusion that the action was one in which the application of the attachment statutes could not be invoked, and the plaintiff appeals from the order made by the trial court in conformity with such view.

It is claimed by him that an analysis of the two causes of action as pleaded will show that they are of such a character as to support an attachment. It is argued that as to the first it sets forth a simple cause of action by a purchaser who has been tendered something different from that which he paid for, and that under such circumstances he is entitled to recover back the money so paid and advanced upon a consideration which has wholly failed, and that therefore the first count is nothing more than an action for money had and received.

With reference to the second count it is contended that the statute equally applies for the reason that the right of appellant to the remedy for a breach of warranty arises not upon the breach by his vendor of the contract of sale, but upon his separate, distinct, and collateral agreement of warranty, from which the law implies that the vendor upon a breach thereof is deemed to agree to compensate his purchaser by a direct payment of money in case the goods sold are not as represented. Appellant concludes from these premises that whatever the foundation of his right may be, whether based upon rescission as set forth in his first cause of action, or upon breach of warranty as recited in the

second, in either aspect of the case he is entitled to the benefit of the attachment statutes.

Respondent, on the other hand, in support of the order, insists that an examination of plaintiff's complaint shows it to be in substance nothing more than an action to recover damages for breach of a contract, and that it is in no sense one for the direct payment of money.

It is obvious that the appellant is seeking to bring the transaction within the purview of subdivision 1 of section 537 of the Code of Civil Procedure, which limits the issuance of an attachment upon contracts to those made for the direct payment of money where, as here, defendant is a resident of the state.

It is not claimed, nor could it be, that plaintiff's action is based upon an express contract for the direct payment of money. Whatever rights, therefore, he may have to the remedy here sought would have to arise from an implied contract on the part of defendants to pay under the circumstances here presented.

[1] We do not deem an extended discussion of the case necessary, as we are of the opinion that the questions here involved have been set at rest by the decisions of the appellate courts of this state. In *Willett & Burr* v. *Alpert,* 181 Cal. 652 [185 Pac. 976], the rule is laid down that where an express contract has been fully performed on plaintiff's part, and nothing remains to be done under it but the payment of money by defendant, which is nothing more than the law would imply against him, plaintiff may declare in *indebitatus assumpsit.* Where this common count will lie the law implies, as a fiction, which cannot be controverted, a promise or contract to pay, in which case some of our decisions go so far as to sustain the issuance of an attachment upon the strength of the promise so implied. But, on the other hand, no such promise or contract will be implied unless a common count will lie. Accordingly, it is there held that in an action by a vendee upon a contract for the sale of personal property, against the vendors, to recover damages for the failure of the latter to deliver the full quantity of property claimed to be called for by the contract, a delivery of part of the quantity having been made, and the vendee having paid the full purchase price, as here, he is not entitled to a writ of attach-

ment, since the action is not upon a contract, express or implied, for the direct payment of money.

So, also, in *California Packing Co.* v. *Kato,* 45 Cal. App. 491 [188 Pac. 57], it was held that in an action to recover damages by reason of a breach of contract to sell certain goods, there is no contract for the direct payment of money nor any implied contract unless the law creates the fiction of one for the purpose of allowing an action upon a common count, which is never permitted in actions such as this based upon an obligation to do something other than pay money.

Of course, where it appears that there has been a total failure of consideration so as to entitle the vendee to recover the purchase price on that ground, a different situation is presented. Here, however, appellant's assignors realized the sum of $4,279.17 upon the sale of the property. The action, therefore, cannot be said to be one to recover money paid upon a contract the consideration of which has entirely failed. In such a case, as is pointed out in *Willett & Burr* v. *Alpert, supra,* where there is neither an entire failure of consideration nor a rescission of the contract so as to entitle the vendee to recover back his money, a plaintiff is limited to his remedy for damages, in which case the action does not proceed upon any theory of the defendant having received money which he should return to plaintiff and which the law would imply a promise on his part to return so as to permit *indebitatus assumpsit* to lie. It is there stated that if this distinction between actions for the recovery of money paid because of failure of consideration and actions for damages be not sound, it would follow that *indebitatus assumpsit* would lie in every case of a breach of contract, regardless of whether or no the contract be one for the direct payment of money, the effect of which would be to wipe out the limitation imposed by the subdivision of the attachment statute in question.

Counsel for the appellant seek to draw a distinction between the cases here cited and the instant one. It is argued that in both of those actions the obligation breached was not one to pay money, but to deliver goods, and that in neither was the defendant under any obligation, express or implied, to pay money. The reason for the denial of the application of the attachment statutes in those cases is no

more persuasive than in the instant case. In the cases cited there was a breach of warranty of quantity: here one of quality. We see no distinction in principle.

From what we have said it follows that the order appealed from should be, and is hereby, affirmed.

Richards, J., concurred.