[Civ. No. 25586.   Second Dist., Div. Four.   Dec. 26, 1961.]

ALEXANDER M. RAPOPORT, Plaintiff and Appellant, v. JEROME N. HOBERG, Defendant and Respondent.

David Sosson and Andrew J. Weisz for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

BALTHIS, J.—This is an appeal from an order granting the motion of defendant Hoberg to dissolve an attachment. Defendant, as respondent here, has made no appearance in this court and the clerk's transcript and appellant's brief comprise the record on appeal.

The question presented is whether this action is "upon a contract, express or implied, for the direct payment of money," as required by subdivision 1 of section 537 of the Code of Civil Procedure.

The complaint is stated in three causes of action as follows:

(1) That defendant made a written agreement with plaintiff for the construction of a dwelling on plaintiff's property; that defendant "agreed to make all studies, plans and specifications, and to provide work, labor and material and supervise the construction of said dwelling for plaintiff," and to complete the same within a specified period; that plaintiff agreed to pay a total cost therefor of $53,000, and defendant agreed "that in the event the cost of said dwelling exceeded said sum said defendant would pay such excess, however, if said cost was less than $53,000.00 said defendant would receive the amount of such difference"; that plaintiff duly performed all conditions on his part to be performed; that defendant failed to comply with certain portions of the contract relating to the construction of the dwelling; that plain-

tiff "actually expended the sum of $57,906.86 for the cost of construction of said dwelling thus far" and "has further become obligated to pay an additional sum of $9,664.36 for unpaid work, labor and material performed by others" in connection with said construction; that "plaintiff has been damaged in the sum of $14,071.22 constituting the excess of the total of all of said sums expended by plaintiff and yet to be paid over the aforesaid sum of $53,000.00. . . ."

(2) That an account was stated between plaintiff and defendant wherein it was agreed defendant was indebted to plaintiff in the sum of $14,071.22.

(3) That by fraud and deceit practiced by defendant upon plaintiff, the latter was damaged in the sum of $17,571.22.

The third cause of action mentioned above is not involved here and therefore is not described in detail. After a writ of attachment was issued specifying the amount of $14,071.22, defendant made his motion to dissolve the attachment. Plaintiff appeals from the order granting the motion.

From the papers submitted to the court on defendant's motion to dissolve the attachment it appears that the exact provision of the contract involved in this case dealing with defendant's promise to pay any cost of construction in excess of $53,000 reads as follows:

"In connection with the grand total cost to Owner of $53,-000.00, it is understood and agreed that Jerome N. Hoberg agrees to build the structure according to the Plans and Specifications heretofore approved, for $53,000.00. In the event the cost of the structure exceeds $53,000.00, it shall be *at the expense of Jerome N. Hoberg.* If the cost is less than $53,000.00, it is understood and agreed that Jerome N. Hoberg is entitled to the balance of the monies remaining in the building construction account." (Italics added.)

In view of the provisions of the agreement quoted above, it is clear that defendant has made a contract for the direct payment of money and that the first cause of action stated in plaintiff's complaint is upon such contract. The promise that all costs of construction in excess of $53,000 shall be at his expense is a promise by defendant to pay money and it appears to us to be express; in any event it would be an obligation to pay money implied in fact.

The case of *E. I. Noxon Constr. Co.* v. *Wallace Process Piping Co.,* 191 Cal.App.2d 651 [13 Cal.Rptr. 26], is in point. In that case, the action was brought by a contractor against his subcontractor to recover sums which the con-

tractor was liable for (liens and claims of lien) because of the subcontractor's breach of contract. The complaint alleged that the defendant subcontractor had agreed to furnish specified labor and material for a certain amount and to indemnify plaintiff from any claim or obligation arising out of any lien or claim of lien resulting from the work done or materials furnished under said agreement. The complaint further alleged that ''the work performed . . . was not . . . furnished free from mechanics' liens or claims of lien, but, on the contrary, numerous persons . . . have asserted [them] against plaintiff . . . in connection with said . . . agreement. At the present time the aggregate amount of liens or claims of lien asserted against plaintiff on account of said . . . agreement is $47,697.55. Plaintiff has retained out of moneys due or to become due to defendants the sum of $27,731.53 to indemnify plaintiff, in part, against loss or liability in connection with said liens or claims of lien. By reason of the liens and claims of lien . . . less the sums retained by plaintiff, plaintiff has been damaged in the sum of $19,966.02.'' A writ of attachment was procured and a levy made. Defendant's motion to release the attachment was denied and he appealed. In affirming the ruling of the trial court, the court said at page 655: ''It is also argued that the complaint does not state facts upon which an attachment will issue. Section 537, subdivision 1, of the Code of Civil Procedure, provides that the plaintiff may have the property of the defendant attached in an action upon a contract for the direct payment of money. The word 'direct' has been held to be surplusage, for the reason that any contract for the payment of money is for the 'direct' payment of money. (*Bringas* v. *Sullivan*, 126 Cal.App.2d 693 [273 P.2d 336]; *Redwood Fibre Products Co.* v. *Miller Mfg. Co.*, 61 Cal.App.2d 505 [143 P.2d 389].) This is an action on a contract for the payment of money in that defendant promised to pay money to plaintiff in the event of specified breaches. But to the extent that it is an action for damages for breach of contract, it is well established that an attachment will lie in such an action if 'the damages are readily ascertainable by reference to the contract and the basis of the computation of damages appears to be reasonable and definite.' (*Force* v. *Hart*, 205 Cal. 670, 673 [272 P. 583]; 5 Cal.Jur.2d § 22.) The damages need not be liquidated. It is only necessary that the contract furnish the measure of the liability. (1 Witkin, California Procedure, § 51.)''

In *Force* v. *Hart*, 205 Cal. 670 [272 P. 583], the contract called for the construction of an apartment house in accordance with certain plans, for an agreed sum. Plaintiff was to construct the building. Defendant repudiated the contract and plaintiff sued for the difference between his costs and the contract price. It was held that an attachment would be proper since the cost of labor and materials were capable of definite ascertainment at the trial. It was stated the fact that the damages were unliquidated was not determinative.

The trial court in the instant case based its ruling upon the case of *Allen* v. *Merchants Elec. Co.*, 54 Cal.2d 67 [351 P.2d 799], but that case is not controlling here. In the *Allen* case the action was to recover damages for breach of a construction contract and it was held that the attachment would not lie. The complaint was in four counts. In count one it was alleged that defendants agreed in writing to furnish and install certain electrical equipment and that they failed to perform parts of the agreement causing plaintiff damage in the sum of $7,344, and in an unascertained amount for injury to his business. Count two alleged that defendants agreed in writing to furnish and install electrical equipment for a specified amount and that stated deficiencies in their performance caused plaintiff damage in the sum of $13,719, and in an unascertained amount for injury to his business. Count three alleged that by a third written contract defendants agreed, in consideration of the payment of $1,500 by plaintiff to defendants, to do any work and to furnish any parts and materials required by plaintiff by certain departments of the City of Los Angeles, and by certain named companies, necessary to complete all items set forth in the two prior contracts, and that defendants failed and refused to perform their agreement or return the sum of $1,500 or any part thereof. Count four alleged that under an oral contract defendants installed certain light fixtures in the hotel but failed and refused to obtain a permit for the installation as required by ordinance, and that plaintiff made full payment under the contract and was damaged in the sum of $3,222. The court denied the right of attachment saying, at page 69: ''Counts one, two and four of the complaint state causes of action for damages for breach of express contractual obligations to do things other than pay money, and nothing is alleged from which an obligation to pay money can be implied in fact.''

The court held further that even assuming an attachment

would be supported by count three for the amount of $1,500, it would not justify the attachment actually made in the case for $25,758.

The *Allen* case (54 Cal.2d 67 [351 P.2d 799]) is distinguishable from the case at bar for in that case there was no clear provision in the contract calling for the defendants (the contractors) to pay money in a certain specified situation. Here, the defendant agreed that any excess in the cost of construction beyond the contract price should be at his expense and this is an obligation to pay money.

The *Allen* case, *supra,* is also distinguishable from the *E. I. Noxon case,* 191 Cal.App.2d 651 [13 Cal.Rptr. 26], in that the defendant subcontractor in the latter case agreed to indemnify plaintiff for any liens or claims of lien brought about by defendant's breach of the contract. Such agreement was likewise construed to be a promise to pay money "in the event of specified breaches."

In the instant case the defendant contracted to bear the expense of any excess over the contract price. If defendant's bearing the expense of any excess entails his indemnifying plaintiff for sums paid by plaintiff upon defendant's default, this is within the terms of the contract. It makes no difference that payment may have originally been contemplated to be made by defendant to third parties. The important thing is that payment was originally contemplated to have been made by *defendant.* Here, plaintiff has been forced to make payments and assume added obligations in satisfaction of the excess. Because of this, plaintiff now has a right to require that defendant assume the expense of the excess and indemnify plaintiff. This is clearly an action "upon a contract, express or implied, for the direct payment of money" as required for an attachment by subdivision 1 of section 537 of the Code of Civil Procedure.

The order made by the trial court granting defendant's motion to dissolve and quash the writ of attachment is reversed.

Burke, P. J., and Jefferson, J., concurred.