[L. A. No. 245. Department One.—March 25, 1898.]

MARIA ESPIRITU CHIJULIA DE LEONIS, Respondent, v. LAURENT ETCHEPARE, Appellant.

120 407<br>122 208<br>120 407<br>137 649<br>120 407<br>142 139

Attachment—Principal and Agent—Prayer for Accounting.—In an action by a principal against his agent, the plaintiff's right to an attachment for moneys specifically alleged to have been received by the agent, and for which judgment is demanded, is not defeated merely because the complaint contains a further prayer for equitable relief for an accounting for other moneys received by the agent which were unknown to the principal.

Id.—Contract—Implied Promise to Pay.—The relation between a principal and agent is founded on contract, and the law implies a promise by the latter to pay over moneys received by him to the principal upon

demand; and in an action to recover a specific amount, based upon such implied promise, an attachment may issue.

ID.—AMOUNT OF LIABILITY.—It is not necessary in order to give a right of attachment, that the amount in which the defendant may be liable should appear upon the face of the contract or instrument by or from which the liability is to be determined.

ID.—AMOUNT STATED IN AFFIDAVIT AND WRIT—SETOFF AND COUNTERCLAIM.—Upon a proper construction of sections 538 and 540 of the Code of Civil Procedure, the fact that the affidavit for an attachment states an amount as due which is less than the demand of the plaintiff as stated and prayed for in the complaint, and that the writ is issued for the lesser amount, does not render the writ irregularly issued. It will be assumed that the difference is the result of an allowance made by the plaintiff for any possible setoff or counterclaim in favor of the defendant, which he is required to deduct under section 538.

ID.—AMOUNT STATED IN COMPLAINT.—The requirement of section 540 of the Code of Civil Procedure, that the amount stated in the writ "must be stated in conformity with the complaint" does not necessitate that the amounts, as so stated, should be identical.

APPEAL from an order of the Superior Court of Los Angeles County refusing to dissolve an attachment. Waldo M. York, Judge.

The facts are stated in the opinion.

Horace Bell, H. H. Appel, and J. W. Swanwick, for Appellant.

R. Dunnigan, for Respondent.

HAYNES, C.—This appeal is from an order denying defendant's motion to dissolve an attachment. The motion is based upon the grounds: 1. That the writ was improperly issued, because the action is equitable in its nature; 2. That the action is not founded upon either an express or implied contract for the direct payment of money; and 3. That the writ was irregularly issued, because the amount stated in the writ was not in conformity with the plaintiff's demand as stated in the complaint.

The plaintiff is the widow of Miguel Leonis, who died in September, 1889, leaving an estate of the value of about $125,000. She speaks Spanish, but cannot read or write any language, and was wholly inexperienced in business. The complaint further

alleges that shortly after her husband's death the defendant advised her that she was in great danger of losing her husband's estate, and induced her to appoint himself as her agent to take charge of her interests pending the settlement of the estate, and for this purpose he prepared and procured her to execute an irrevocable power of attorney empowering him to sell, mortgage, or hypothecate her property, real and personal. The complaint then proceeds to charge that, as her agent, the defendant had received certain specified sums of money from various sources, including rents, the sale of real and personal property, moneys allowed her by the court for her support, etc; that she had demanded an accounting and settlement, which defendant refused and alleged that he was indebted to her in the sum of $16,147, and prayed for judgment for that sum, with interest, "and for any other sums that upon an accounting may be due her from her said agent, and of which she now has no knowledge, if it should be discovered upon the trial of this case that he owes her any further sum."

The affidavit for the writ of attachment charges that the defendant is indebted to her in the sum of $10,147, over and above all legal counterclaims or setoffs.

1. That equitable relief is sought to compel an accounting for moneys received by the defendant, as agent of the plaintiff, does not affect the plaintiff's right to an attachment for money specifically alleged to have been received by the agent, and for which judgment is demanded, unless the prayer that she may have judgment for such other sum or sums as the trial may disclose to have been received by the defendant precludes an attachment for the sum specifically demanded. But, if we are right in our conclusions upon appellant's second and third points, this point need not be further discussed as a separate proposition.

2. Appellant's second contention is that the action is not founded upon a contract, either express or implied, for the direct payment of money.

That the relation between the parties created by the power of attorney is a contract relation is beyond question. Nor is the character of that relation, so far as defendant's duties and liabilities are concerned, affected by the alleged fact that it was created by or through the fraud of defendant. Moneys received

by the agent are not his, and from the duty of the agent to pay over moneys received by him in that capacity the law implies a promise that he will do so upon demand, and a demand is duly alleged. Nor is it necessary, in order to give a right of attachment, that the amount in which the defendant may be liable should appear upon the face of the contract or instrument by or from which the liability is to be determined. It often happens that the amount due under a contract does not appear from the contract itself. "Our code does not require that the amount due on the contract shall appear from the contract itself (Code Civ. Proc., sec. 537), but that the amount of the indebtedness shall be shown by affidavit. (Code Civ. Proc., sec. 538.) Attachment may issue in an action for damages for the breach of a contract. (*Donnelly v. Strueven*, 63 Cal. 182.) And this, where proof is necessary at the trial to show the amount of damages. (Drake on Attachment, secs. 13, 23.) But there must exist a basis upon which the damages can be determined by proof." (*Dunn v. Mackey*, 80 Cal. 107.) Where the contract does not furnish the measure of the liability of the defendant, and the damages are unliquidated, an attachment cannot be had, and the language quoted by appellant from *Hathaway v. Davis*, 33 Cal. 161, means no more than that. That action was upon an undertaking on appeal. There, the fact of the liability of the defendant, as well as its extent, within the limits stated, did not appear from the face of the undertaking, but that the appeal was not successful, as well as the amount of the costs and judgment for which the defendant was liable, was shown by evidence; the undertaking only showing the circumstances under which a liability should arise, and a standard for its measurement.

In *Wheeler v. Farmer*, 38 Cal. 203, cited by appellant, the point principally controverted was whether the parties were partners, or whether the defendant was plaintiff's agent. The court held that it was an agency and not a partnership, and sustained the attachment.

3. Appellant's third ground is that the writ was irregularly issued, because the amount stated in the writ is not in conformity with the plaintiff's demand as stated in her complaint.

The specified amount for which the plaintiff demanded judgment in the complaint was $16,147. The affidavit for attach-

ment stated that defendant was indebted to plaintiff in the sum of $10,147, over and above all legal counterclaims or setoffs, and that sum was stated in the writ.

Appellant contends that it is impossible to state a sum in conformity with the complaint, for the reason that the complaint, taken as a whole, does not indicate any specific amount as the amount of plaintiff's demand.

In *Kohler v. Agassiz*, 99 Cal. 16, it was said, in a case where an accounting was sought: "The affidavit for the attachment shows the specific amount claimed to be due. It is unnecessary that the complaint should show this amount. . . . . It is immaterial that the prayer is for an accounting."

Upon appellant's theory that the complaint here does not demand a specific amount, the case above cited is directly in point against him.

Appellant's contention is, in effect, that where the principal knows of certain definite sums received by the agent, an attachment will not lie for those sums, if the principal seeks to ascertain in the action whether the agent has received other sums, and, if discovered, seeks to recover them in the same action. If that be true, an injustice would often result which cannot be justified by a court of justice, unless some statute imperatively compels it. In short, appellant's contention is that an attachment cannot regularly issue in such case, and that in any case it must issue for the sum demanded in the complaint notwithstanding the amount named in the affidavit for attachment is less than the sum demanded in the complaint.

To support this contention appellant relies, chiefly, upon *Bowers v. London Bank*, 3 Utah, 417, a case cited and approved by this court in *Kennedy v. Savings Bank*, 97 Cal. 99; 33 Am. St. Rep. 163.

In the Utah case the complaint contained several causes of action for the recovery of money aggregating $66,333.70, for which sum judgment was demanded. An attachment was issued therein upon an affidavit in which it was stated that the defendant is indebted to plaintiff "in the sum of $49,970.40 over and above all legal setoffs and counterclaims, upon contract," etc. The writ of attachment followed the complaint, stating the amount for which it issued at $66,333.70. The defendant

moved to discharge the attachment upon the ground that "the writ was improperly issued for the sum of $16,363.22 in excess of the amount sworn to in the affidavit on attachment." This motion was denied, and on appeal the order was affirmed.

In *Kennedy v. Savings Bank, supra,* the action was brought to recover from the savings bank $45,500, and one Havermale, a stockholder in the savings bank, was joined as a defendant for the purpose of recovering from him his proportionate part, as a stockholder, of the sum due from the bank. Havermale owned one-fifth of all the stock issued by the bank, and was, therefore, liable for one-fifth of the plaintiff's claim, namely, $9,100, as appeared from the allegations of the complaint. The writ of attachment upon which Havermale's property was attached was for the sum of $45,500. Upon appeal this court affirmed the order of the court below granting Havermale's motion to discharge the attachment. In the opinion in that case Mr. Justice De Haven, speaking for the court, quoted the following from *Bowers v. London Bank, supra:* "The statute leaves no discretion in any way as to the amount which shall be stated in the writ of attachment. It is a plain, direct, and specific instruction and direction which the clerk has no right or authority to disregard. The process of attachment is a special statutory remedy, and in resorting to it the terms of the law conferring it must be strictly pursued. If the clerk had stated any other sum in the writ than that in conformity with the demand in the complaint, it would have been a material departure from the requirements of the statute, and would have vitiated the proceeding and rendered it utterly void. The requirements of the statute are so plain that there is no room left for construction or speculation."

That the judgment of this court affirming the order discharging the attachment in the Kennedy case was right is beyond question; but I think it was not necessary to approve the Utah case, or that portion of the opinion quoted from it. That a writ of attachment cannot be sustained when issued for more than is demanded in the complaint is clear, since no judgment can exceed the amount so demanded; and to say that more property of the defendant may be seized and held pending the action than can be necessary to satisfy the judgment demanded is so obviously wrong and without authority of law as to require neither argument nor authority to show it.

But it does not follow because an attachment cannot rightfully issue for more than is demanded in the complaint that it may not properly issue for less. The difference between the Kennedy case and the Utah case is that in the former the writ issued for an amount five times larger than the demand against Havermale alleged in the complaint, while in the Utah case the writ was for the amount demanded in the complaint, notwithstanding the amount stated in the affidavit was some $16,000 less. In that respect the case at bar and the Utah case are identical, and because of the apparent approval of that case by this court a consideration of its soundness becomes necessary. There is no distinction between the statutes of Utah and California, and, therefore, if *Bowers v. London Bank, supra,* was correctly decided, appellant's contention must be sustained.

Must the sum demanded in the complaint and the sum stated in the affidavit be identical in amount? If not identical, which sum must be inserted in the writ of attachment?

The answer to these questions involves a construction of sections 538 and 540 of the Code of Civil Procedure.

So far as material to the question before us, these sections provide:

"Sec. 538. The clerk of the court must issue the writ of attachment upon receiving an affidavit by or on behalf of plaintiff, showing: 1. That the defendant is indebted to the plaintiff (specifying the amount of such indebtedness over and above all legal setoffs or counterclaims) upon a contract," etc.

"Sec. 540. The writ must be directed to the sheriff of any county in which property of such defendant may be, and require him to attach and safely keep all the property of such defendant within his county not exempt from execution, or so much thereof as may be sufficient to satisfy the plaintiff's demand, the amount of which must be stated in conformity with the complaint."

The plaintiff is not required to anticipate or state in his complaint any counterclaim or setoff the defendant may have against him, but may and should state the whole of his demand against the defendant without regard to setoffs or counterclaims, deducting payments only. The counterclaims defined in section 438 of the Code of Civil Procedure are of two classes: 1. Those arising out of the transaction alleged as the foundation of plain-

tiff's claim, or connected with the subject of the action; 2. In actions arising upon contract, any other cause of action also arising upon contract and existing at the commencement of the action. The first of these classes, if not set up in the action, is waived, and no action can thereafter be maintained upon it; but the second class may be reserved and made the cause of a separate action against the plaintiff, and as to this class the plaintiff cannot compel the defendant to litigate these distinct and separate contracts.

Neither of these classes of setoffs or counterclaims need be, or should be, noticed in the complaint; but section 538 of the Code of Civil Procedure requires the plaintiff to state in the affidavit the amount of defendant's indebtedness to him "over and above all legal setoffs or counterclaims"; and hence it may often happen that the amount of plaintiff's claim properly stated in the complaint will exceed the statement of the same claim in the affidavit, after deducting the setoffs or counterclaims. In such case for which sum must the writ issue?

The Utah case (*Bowers v. London Bank, supra*) is based upon the literal meaning of the words in section 125 of their practice act (Code Civ. Proc., sec. 540), which declares that the writ shall require the sheriff to attach all the property of the defendant in his county, not exempt, etc., "or so much thereof as may be sufficient to satisfy the plaintiff's demand, the amount of which must be stated in conformity with the complaint."

It must be assumed that the requirement that the affidavit shall state the amount of plaintiff's claim "over and above all legal setoffs or counterclaims" was inserted in section 538 for some purpose, and that it was not intended that there should be any conflict between that section and section 540. If the amount stated in the affidavit was not intended to affect in any manner the amount to be inserted in the writ, and thus limit the value of property which might be attached, I can conceive of no purpose served by the requirement. It is not necessary that the complaint be verified in order to have an attachment, and the plaintiff may demand an amount that is many times more than he knows is justly due; and, if the writ must issue for the amount so demanded, a door is opened for fraud and oppression for which the defendant has no redress other than an action for maliciously procuring the attachment for an excessive amount.

The requirement that the affidavit in stating the amount shall exclude all legal setoffs or counterclaims would seem to indicate a purpose to deny an attachment for so much of the plaintiff's claim as is covered by admitted setoffs, even though it is optional with the defendant, not with the plaintiff, whether the setoffs are to be used in the particular case or not, though as to the first class of setoffs, viz., those arising out of the same transaction alleged as the basis of plaintiff's claim, there is no wrong or injustice in compelling him to admit the setoff in order to secure an attachment.

But it must be conceded that the language of section 540, viz., "The amount of which must be stated in conformity with the complaint," is apparently inconsistent with the construction that the writ shall issue for the amount stated in the affidavit, where that is less than the amount demanded in the complaint.

But did the legislature mean by the words, "the amount of which must be stated in conformity with the complaint," that it must be the same identical amount alleged in the complaint to be due? If that was the intention, why not have said: "The amount of which shall be that stated in the complaint"? It is true that if the amount stated in the writ and that stated in the complaint are the same, the writ conforms in that respect to the amount stated in the complaint; but is it necessary that the amount be the same in order to make the writ conform to the complaint in that respect? The word "conform" is not the equivalent of "identical," or of "the same." Webster defines "conformity" thus: "Correspondence in character or manner; resemblance; agreement; congruity with something else."

This word is usually followed by "to," or "with," and is frequently qualified by the word "perfect," without which qualification identity is not indicated. That the amount stated in the complaint, less all legal counterclaims or setoffs, being for the same indebtedness, and not exceeding the amount demanded, is in correspondence in character and in harmony or congruity with it I think is apparent, and that the legislature intended this construction may be illustrated by an extreme case.

Suppose A has a cause of action against B amounting to the full and just sum of $100,000. He knows, and is willing to concede, that B has a cause of action against him, for matters not

constituting payment, to the amount of $95,000, but B is not willing to admit A's demand, and insists that he has a just demand against A in the full sum of $100,000, and that he can only avail himself of this defense by way of setoff or counterclaim. A brings his action, and makes an affidavit for attachment alleging that B is indebted to him in the sum of $5,000 over and above all legal setoffs or counterclaims; can it be that the legislature intended that the writ should issue for $100,000, and that $100,000 worth of property should be seized thereunder and held to await the trial and judgment, or that the defendant should be compelled to give a bond for the release of the excess of the property attached?

We advise that the order appealed from be affirmed.

Chipman, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

                    Harrison, J., Garoutte, J., Van Fleet, J.