[S. F. No. 7481. Department One.—November 26, 1917.]

## E. B. HAMILTON, Respondent, v. BAKER–HANSEN MANUFACTURING COMPANY (a Corporation), Appellant.

ATTACHMENT — AFFIDAVIT TO OBTAIN—STATEMENT OF AMOUNT OF INDEBTEDNESS.—An affidavit to obtain an attachment stating that defendant is indebted to plaintiff in an amount certain upon an implied contract for the direct payment of money is not vitiated by the inclusion of the words "in addition to certain claims for damages for breach of contract hereinafter referred to," the words quoted being mere surplusage throwing no doubt upon the amount for which attachment is requested.

ID.—MOTION TO DISSOLVE.—On a motion to dissolve an attachment, an alleged ground that the affidavit sets up an indebtedness on an implied contract, while the complaint is based on an express contract and asks for a reformation and damages for a breach, will not be considered; a motion to dissolve an attachment cannot be turned into a demurrer to the complaint.

ID.—MOTION TO DISSOLVE—QUESTION TO BE CONSIDERED.—On motion to dissolve an attachment for insufficiency of the affidavit, the only question is whether the cause of action attempted to be stated is one upon which an attachment may issue.

ID.—MOTION TO DISSOLVE.—It is immaterial that plaintiff has also demanded in the complaint other sums which are not liquidated.

APPEAL from an order of the Superior Court of Alameda County, denying a motion to dissolve an attachment. Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

Clayberg & Whitmore, for Appellant.

P. J. O'Dea, and Louis Horwitz, for Respondent.

LAWLOR, J.—This is an appeal from an order refusing to dissolve an attachment. The complaint shows the action to be one for damages for breach of a written contract between the parties for the conveyance of certain patent rights and delivery of two automobile starters by defendant to plaintiff. It is alleged that defendant has entirely failed to perform the contract or any part thereof. As damages the plaintiff claims $375 as having been advanced to the defendant on account of the contract, and other sums for salaries paid, obligations incurred, and profits which she would otherwise have made. The affidavit for attachment states "that in addition to certain claims for damages for breach of contract hereinafter referred to, defendant in said action is indebted to her in the sum of three hundred and seventy-five ($375) dollars . . . upon an implied contract for the direct payment of money, to wit: A written contract , . . . and the plaintiff has paid the defendant under such contract, three hundred and seventy-five dollars on account of the consideration of said contract, and the defendant has breached such contract and has not performed the same in whole or in any part, and the plaintiff is entitled to the repayment of said sum. . . . "

The first ground of defendant's motion to dissolve the attachment is that the affidavit does not state the amount of defendant's indebtedness, as required by section 538 of the Code of Civil Procedure, because of the inclusion in the affidavit of the words "in addition to certain claims for damages for breach of contract hereinafter referred to." It is claimed that this renders the amount of the indebtedness uncertain. The contention is without merit. The affidavit itself shows very clearly that the sum for which the attachment is sought is $375. The intimation that the plaintiff is also claiming additional damages, for which no attachment is asked, is mere surplusage, and in no way throws any doubt upon the amount

for which the attachment is requested. (See *Bank of California* v. *Boyd*, 86 Cal. 386, 388, [25 Pac. 20].)

The second ground of the motion is that the affidavit discloses no basis for attachment, "in that it alleges that $375 is due on an implied contract, while the complaint is based on an express contract and the action is for a reformation of said contract and damages for the breach thereof." A motion to dissolve an attachment cannot be turned into a demurrer to the complaint. (*Kohler* v. *Agassiz*, 99 Cal. 9, [33 Pac. 741]; *Hale Bros.* v. *Milliken*, 142 Cal. 134, [75 Pac. 653].) The only question is whether the cause of action which is stated or attempted to be stated is one upon which an attachment will issue. Here the complaint sets out a breach of an express contract. One of the items of damage is the $375 paid to the defendant, which is sought to be recovered, by reason of a failure of consideration. A plaintiff who sues for breach of a contract upon which he has advanced money and received nothing in return may recover as damages the money so paid. This sum is certain and liquidated; as to it an attachment will therefore issue. (*Santa Clara etc. Fuel Co.* v. *Tuck*, 53 Cal. 304.) It is immaterial that plaintiff has also demanded in the complaint other sums, which are not liquidated, and to which she may or may not be entitled. The indebtedness set up in the affidavit need not include all the damages claimed in the complaint. There may be an attachment for a portion only. (Waples on Attachment and Garnishment, sec. 80; *Dwyer* v. *Testard*, 65 Tex. 432.) The statement in the affidavit that the money is due upon an implied contract when in fact it is due upon an express contract does not make the affidavit defective. It need not appear in the affidavit whether the contract is express or implied (*Flagg* v. *Dare*, 107 Cal. 482, [40 Pac. 804]), so long as it is a contract for the direct payment of money. If that is stated, any further recital is only surplusage and may be disregarded. (*Spear* v. *King*, 14 Miss. (6 Smedes & M.) 276; *Cope* v. *Upper Missouri Min. & P. Co.*, 1 Mont. 53.) Since the $375 constituted an attachable claim and the affidavit itself was not defective, it follows that the motion to dissolve was properly denied.

Order affirmed.

Sloss, J., and Shaw, J., concurred.