[L. A. No. 9501. Department Two.—November 27, 1928.]

JAMES A. FORCE, Respondent, v. MRS. LILLIE HART, Appellant.

H. G. Bittleston and R. G. La Noue for Appellant.

Henry Trowbridge for Respondent.

SHENK, J.—This is an appeal from an order denying the defendant's motion to discharge an attachment. Three

causes of action are set forth in the complaint. The first seeks to recover the sum of $4,110 as the reasonable value of services alleged to have been rendered by the plaintiff in preparing and drafting certain plans and specifications ordered and accepted by the defendant. The second is for $71.50 for sums laid out by the plaintiff for a building permit. The third cause of action alleges that on or about the nineteenth day of April, 1926, the parties entered into a contract whereby the defendant agreed to employ the plaintiff to construct a three-story brick apartment house on land belonging to the defendant in accordance with said plans and specifications and to pay to the plaintiff for such construction the sum of $68,500; that the defendant, without right, repudiated said agreement and refused to permit said building to be erected, and that because of such repudiation and refusal the plaintiff has been damaged in the sum of $5,700.

At the time of the issuance of the summons the plaintiff filed an affidavit for an attachment pursuant to subdivision 1 of section 537 and section 538 of the Code of Civil Procedure, in which affidavit it was averred, among other things, that the defendant was indebted to the plaintiff "upon an implied contract for the direct payment of money" in the sum of $9,881.50, which is the aggregate of the several sums alleged to be due in the three causes of action. The affidavit specifically set forth that in the total amount sued for the sum of $5,700 was "for damages for defendant's breach of contract whereby she agreed to employ plaintiff to construct for her a certain building in accordance with said plans and specifications." The writ was issued and levied. In due time the defendant moved the court to discharge the writ on the grounds (1) that the writ was improperly issued in that the contract alleged in the third cause of action "is not a contract, express or implied, for the direct payment of money," and (2) that the writ was improperly issued in that the indebtedness alleged in the affidavit to be due and owing from the defendant to the plaintiff exceeds the indebtedness set forth in the complaint. The court entered an order denying the motion but further ordered that "it appearing from the affidavit on attachment of the plaintiff, that said attachment was improperly issued for all sums in excess of five thousand ($5000) dollars all moneys held

under attachment by virtue of said writ in excess of $5000 be released and discharged from the lien of said writ." The plaintiff has not appealed from said order or any part thereof.

No dispute has arisen as to the propriety of the issuance of an attachment on the first and second causes of action. It is conceded that those counts allege causes of action in harmony with subdivision 1 of section 537 of the Code of Civil Procedure. The position of the defendants as to the third cause of action is stated generally as follows: "The contract which forms the basis of the third cause of action fulfills the requirements of the Code in one particular only— it is an express contract for the direct payment of money; but the requirement that the sums due thereon be certain, definite and liquidated, or capable of being made certain and definite, is lacking. The contract set forth therein is in the main executory—performance having progressed merely to the point of securing a permit for the erection of the building." In this connection it is specifically urged that the contract as pleaded in the third cause of action leaves as matter of conjecture the cost to the plaintiff of the construction of the proposed building. It is not disputed that the measure of damages would be the difference between the cost of the building to the plaintiff and the contract price. It is apparently conceded that if the pleading had alleged that the cost of the building to the plaintiff would have been $62,800, an affidavit under the attachment law to the effect that the defendant was indebted to the plaintiff in the sum of $5,700 on an express contract for the direct payment of money would have been justified. Assuming that a defect in the pleading existed, it is well settled that a motion to discharge an attachment cannot serve as a demurrer if the defect in the complaint can be cured by amendment. (*Hathaway* v. *Davis,* 33 Cal. 161; *Hammond* v. *Starr,* 79 Cal. 556 [21 Pac. 971]; *Kohler* v. *Agassiz,* 99 Cal. 9 [33 Pac. 741].)

Notwithstanding the apparent concession of the defendant last above referred to and assuming that counsel did not intend to go as far in his concession as indicated, still we are of the view that the attachment was properly issued in this case. The mere fact that the third cause of action sounded in damages would not defeat the right to the attach-

ment. ▮ It is a well-recognized rule of law in this state
that an attachment will lie upon a cause of action for dam-
ages for a breach of contract where the damages are readily
ascertainable by reference to the contract and the basis of
the computation of damages appears to be reasonable and
definite. (*Hale Bros.* v. *Milliken,* 142 Cal. 134 [75 Pac.
653]; *DeLeonis* v. *Etchepare,* 120 Cal. 407, 419 [52 Pac.
718]; *Hamburger* v. *Halpern,* 28 Cal. App. 317 [152 Pac.
6]; 3 Cal. Jur., p. 423, and cases cited.) The fact that the
damages are unliquidated is not determinative. (*Willett &
Burr* v. *Alpert,* 181 Cal. 652, 657 [185 Pac. 976]; *Hale Bros.*
v. *Milliken, supra,* at p. 140.) But the contract sued on
must furnish a standard by which the amount due may be
clearly ascertained and there must exist a basis upon which
the damages can be determined by proof. (*Dunn* v. *Mackey,*
80 Cal. 104, 108 [22 Pac. 64].) The language of the court
in *Greenebaum* v. *Smith,* 51 Cal. App. 692 [197 Pac. 675,
676], may well be applied to the present case, where it is
said at page 694: "This being an action for damages for the
breach of an executory contract, defendant contends that it
cannot be held to be an action on a contract for the direct
payment of money. True, this is not an action for a debt
in a technical sense, nor for a certain sum of money specified
in the contract, but it is nevertheless an action for the
breach of a contract for the direct payment of money, and
merely because the amount is uncertain, consisting of dam-
ages to be proven at the trial, is no reason why an attach-
ment may not issue where, as here, such damages are easily
ascertainable according to fixed standards supplied by the
contract or the law acting upon it."

▮ In the present case the obligation of the defendant
to pay money in a specific amount is fixed by the contract.
The breach is shown by appropriate allegations. The differ-
ence between the contract price and the cost of the building
to the plaintiff appears, in effect, in the allegations of the
complaint and of the affidavit. The damages alleged appear
to be the direct and immediate consequences of the repudia-
tion of the contract by the defendant. The cost of labor and
materials for the construction of the building in accordance
with the plans and specifications and at the time of the
breach would appear to be capable of definite ascertainment
and the pecuniary value of the contract right taken from the

plaintiff thus be fixed at the trial. Under such circumstances the motion to discharge the writ was properly denied.

The order is affirmed.

Richards, J., and Langdon, J., concurred.