[Civ. No. 5968.   Second Appellate District, Division Two.—June 3, 1930.]

KENNETH MacDONALD, Jr., Respondent, v. ERMA J. CRAWFORD, Appellant.

Frank G. Falloon for Appellant.

Andrew J. Copp, Jr., for Respondent.

CRAIG, Acting P. J.—A motion was interposed by the defendant in an action pending in the Superior Court of Los Angeles County for the release of an attachment. An order denying such motion was entered and she appealed therefrom.

From the pleadings it appears that the parties signed certain escrow instructions to a bank wherein the said defendant agreed to deposit for the account of the plaintiff $2,000 in cash, a mortgage and a deed of trust through which she assumed an indebtedness of $8,500, and the plaintiff agreed to deliver in escrow a deed to certain real property provided the other party should make the deposits mentioned above. In the complaint it was alleged that the value of the realty was $10,000; that the plaintiff was to receive $10,500 as a consideration therefor, and that "the excess of the amount which would have been due to plaintiff under said contract

over and above the value of the said real property to him was and is the sum of $500.00.'' That the defendant had failed and refused to ''perform the terms, covenants and agreements of said contract,'' and that her failure so to do had damaged the plaintiff in the sum of $500, for which he prayed judgment. An affidavit filed upon issuance of the writ of attachment recited that the defendant was indebted to the plaintiff ''upon an implied contract for the direct payment of money, to wit: Agreement for the purchase and sale of real property.''

It is contended by appellant that upon the facts alleged section 537 of the Code of Civil Procedure does not authorize the issuance of a writ of attachment; that it is not an action for recovery of the purchase price upon a sale, or a ''direct payment of money,'' but for damages claimed to have been sustained through her failure to fulfill her promise to the bank. Respondent insists that his action, although for damages, is for that portion of the purchase price which he would have gained or profited had the sale been made, and that as to the $500 it is based upon a contract for the ''direct payment of money.'' The complaint is entitled ''complaint for damages on sale of real property,'' and alleged that at the time the defendant refused to perform the plaintiff had performed all of the covenants then to be performed, and that he is now able and willing to perform all covenants and agreements to be performed under said agreement. There is but slight distinction between the two views. The pleading attempts to allege a cause of action founded upon the breach of a contract which it recites is attached thereto, and as an exhibit certain escrow instructions to the bank are appended. Both parties in effect concede the extinction of any contract that may have existed between them, and the plaintiff makes no pretense of intention to convey, nor does he demand performance by the defendant. The sole support for the writ of attachment lies in conclusions of the pleader under his interpretation of sections 3307 and 3353 of the Civil Code. These sections appear in the title affording compensatory relief for a breach of contract, and are as follows:

''The detriment caused by the breach of an agreement to purchase an estate in real property, is deemed to be the excess, if any, of the amount which would have been due to

the seller, under the contract, over the value of the property to him.''

''In estimating damages, the value of property to a seller thereof is deemed to be the price which he could have obtained therefor in the market nearest to the place at which it would have been accepted by the buyer, and at such time after the breach of the contract as would have sufficed, with reasonable diligence, for the seller to effect a resale.''

We think the decision in *Dunn* v. *Mackey,* 80 Cal. 104 [22 Pac. 64], is controlling. It is there held that an attachment may properly issue in an action brought by the principal against his agent for damages for breach of contract to sell real property within a year and for a specified amount. In that action it was clearly necessary to prove the amount of the damages by showing the actual value of the land at the end of the year. The measure of damages was held to be the difference between this value and the price at which the agent had bound himself to sell it. The circumstances involved seem not to be distinguishable from those in this case. A degree of uncertainty existed there as to the amount of damages. In each case the suit is in tort, but for damages resulting from a breach of an express contract. The court there said:

''Our code does not require that the amount due on the contract shall appear from the contract itself (Code Civ. Proc., sec. 537), but that the amount of the indebtedness shall be shown by affidavit. (Code Civ. Proc., sec. 538.)

''Attachment may issue in an action for damages for the breach of a contract. (*Donnelly* v. *Strueven,* 63 Cal. 182.) And this, where proof is necessary at the trial to show the amount of damages. (Drake on Attachment, secs. 12–23.)

''But there must exist a basis upon which the damages can be determined by proof. Thus it is said 'Where the contract sued upon furnished a standard by which the amount could be so clearly ascertained as to enable the plaintiff to aver it in his affidavit, or the jury by their verdict to find it, an attachment might issue.' ''

To the same effect are *Greenbaum* v. *Smith,* 51 Cal. App. 692 [197 Pac. 675]; *Force* v. *Hart,* 205 Cal. 670 [272 Pac. 583]. *Hamberger* v. *Halperm,* 28 Cal. App. 317 [152 Pac. 61], is not applicable here, because the damages were alleged to have arisen from failure to deliver goods, wares and

merchandise. The contract was not for the direct payment of money, but to deliver personal property.

The judgment is affirmed.

Thompson (Ira F.), J., and Gates, J., *pro tem.*, concurred.