[Civ. No. 1818.   Fourth  Appellate District.—May 6, 1937.]

OIL WELL CORE DRILLING COMPANY (a Corporation), Appellant, v. S. W. BARNHART et al., Respondents.

John J. Wilson, Joseph Doyle and Brittan & Mack for Appellant.

W. C. Dorris and R. W. Henderson for Respondents.

BARNARD, P. J.—This appeal is from an order granting the defendants' motion to dissolve an attachment. The motion was granted on the ground that the attachment was improperly issued "in that the cause of action as disclosed in the pleadings is not one on an express contract for the direct payment of money as alleged in the affidavit".

The complaint contains three counts. The first alleges that the defendants became indebted to the plaintiff for goods, wares and merchandise sold and delivered in the sum of $15,000. The second count alleges that the defendants became indebted to the plaintiff for moneys had and received by the defendants for the use and benefit of the plaintiff in the sum of $15,000. The third count alleges the execution of a written contract; that under this contract the plaintiff was to furnish certain tools and oil well equipment which were to be rented and hired out to various people by the defendants; that the defendants were to receive one-third of the rentals and the plaintiff two-thirds; that certain bits were to be sent to the plaintiff and sharpened at its place of business; that all compensation for sharpening said bits was to be retained by the plaintiff; and that all commissions due to the defendants were to be paid by the plaintiff at the end of each month. It is further alleged that the defendants rented and hired such tools and equipment to various persons, that contrary to the agreement the defendants collected rentals and caused bits to be sharpened at places other than the office of the plaintiff and collected the charges therefor, and by reason thereof the defendants became indebted to the plaintiff in the sum of $15,000.

The first question presented is whether this action is upon a contract, express or implied, for the direct payment

of money. The following language from the opinion in *De Leonis* v. *Etchepare,* 120 Cal. 407 [52 Pac. 718], is appropriate here:

"That the relation between the parties created by the power of attorney is a contract relation is beyond question. Nor is the character of that relation, so far as defendant's duties and liabilities are concerned, affected by the alleged fact that it was created by or through the fraud of defendant. Moneys received by the agent are not his, and from the duty of the agent to pay over moneys received by him in that capacity the law implies a promise that he will do so upon demand, and a demand is duly alleged."

In that case the agent was authorized to collect the money for his principal, while in the instant case the contract provided that the appellant should pay certain commissions to the respondents, thus indicating that collections were to be made by the appellant. The respondents argue that their collecting and retaining any money was a tort rather than a breach of contract. There can be no doubt that the relation between these parties was that of principal and agent and that this relationship was created by the contract. The respondents were placed in a position to collect these moneys by reason of the contract. While their doing so may have been a tort it was also, in a sense, a breach of the contract. In any event, the respondents took money belonging to their principal to which they were not entitled. It was their duty to pay over this money upon demand, a demand is alleged, and the law will imply a promise to pay the same.

It was held in *Powers* v. *Freeland,* 114 Cal. App. 146 [299 Pac. 736], that where a cause of action for money had and received is joined with other causes of action sounding in tort and where it clearly appears that all counts ·refer to the same transaction, the nature of the action is to be determined by the more specific allegations of the counts sounding in tort. In that case it was necessary to prove the tort allegations before the common counts would be good. In the case now before us the second count was sufficient and the third count was unnecessary. In our opinion the allegations of the complaint herein, as well as those of the affidavit, disclose an implied contract for the direct payment of money.

The respondents further argue that a writ of attachment could not be issued in this case because it appears from

the complaint that a part of the amount demanded, the returns from sharpening bits which were retained by the respondents, is an unliquidated claim, that this part of the claim is one for damages for violation of the contract, and that neither the contract nor the complaint shows a basis for determining such damages. In *Force* v. *Hart,* 205 Cal. 670 [272 Pac. 583], the court said:

"It is a well-recognized rule of law in this state that an attachment will lie upon a cause of action for damages for a breach of contract where the damages are readily ascertainable by reference to the contract and the basis of the computation of damages appears to be reasonable and definite."

If the portion of the demand which is here attached be considered as a claim for damages, a reasonable and definite basis for the computation of the amount thereof appears in the contract and complaint. (*Force* v. *Hart, supra.*) The complaint alleges that a definite amount of money belonging to the appellant was collected and retained by the respondents and if the allegations are proved we think there is an implied contract for the direct payment of a specified sum of money within the meaning of the code section.

No question is raised as to the sufficiency of the affidavit for attachment. The matter has been presented on the questions above discussed and no other questions are here considered.

The order appealed from is reversed.

Marks, J., and Jennings, J., concurred.