[Civ. No. 10267. First Appellate District, Division One.—June 17, 1937.]

JOSEPH WOLFORD et al., Respondents, v. BERNARD NEUSTADTER et al., Defendants; CARLOS SOLORZANO, Appellant.

Jerome Politzer and C. D. McFarland for Appellant.

Raymond D. Williamson for Respondents.

KNIGHT, J.—Carlos Solorzano, one of the defendants named in the above action, appeals from an order denying his motion to dissolve an attachment. The other parties defendant, Bernard Neustadter, Elsa B. Neustadter and City Title Insurance Company, a corporation, are not affected by the attachment proceeding.

The action is for injunctive relief and damages, and is based on the following allegations: That the plaintiffs Joseph and Ray Wolford, and the defendants Bernard and Elsa B. Neustadter, are the owners in fee simple of adjoining real properties in San Francisco; that a two-story concrete building on the Neustadter property was negligently constructed, in that the wall thereof adjacent to plaintiffs' property was built out of plumb; that said wall has since leaned against the wooden building on plaintiffs' property so that the pressure therefrom has thrown the walls of plaintiffs' building out of plumb, causing the floors to buckle, the windows and doors to jam, the plaster to crack and fall, etc.; that the

encroachment complained of constitutes a dangerous nuisance and has damaged plaintiffs' premises in the sum of $5,000. Continuing, it is alleged that the Neustadter property is encumbered with a deed of trust, naming the City Title Insurance Company as trustee and appellant as beneficiary, which was given by the Neustadters to secure the payment to appellant of the sum of $12,000. The prayer of the complaint is that the alleged nuisance be abated and that plaintiffs be awarded damages against all defendants in the sum of $5,000.

At the time of the commencement of the action appellant was a resident of Costa Rica, Central America, and under the authority of subdivision 3 of section 537 of the Code of Civil Procedure plaintiffs obtained a writ of attachment against his property, by virtue of which they caused to be garnisheed certain moneys due him from the Neustadters; whereupon appellant appeared specially in the action for the purpose of moving for a dissolution of the attachment; and his motion in that behalf being denied he took this appeal.

Subdivision 3 of said section 537 provides that a plaintiff "may have the property of the defendant attached . . . 3. In an action against a defendant, not residing in this state, . . . to recover a sum of money as damages, arising from an injury to property in this state, in consequence of negligence, fraud, or other wrongful act." ██ The obvious purpose of said code provision is to secure the payment of any judgment for damages a plaintiff might obtain against a nonresident of the state in an action for injury to property in this state; and in this connection it is appellant's contention that while his legal status in relation to the Neustadter property is such that he was properly made a party defendant to the action, the mere fact that he is named as beneficiary in a deed of trust given to secure the payment to him of a loan does not vest in him any such interest in the property covered by the deed of trust as will render him personally liable in damages for an injury to plaintiffs' property caused by the maintenance of a nuisance on the encumbered property by the owner of said property while in the sole possession thereof, and that consequently attachment proceedings under subdivision 3 of said section 537 are not available against him.

██ Respondents make no answer to the legal proposition so advanced by appellant, but they state in their brief that

several days subsequent to the entry of the order denying appellant's motion to dissolve the attachment, appellant filed a demurrer to the complaint which was sustained with leave to amend; that thereafter plaintiffs filed an amended complaint containing certain allegations which they claim are legally sufficient to warrant the rendition of a personal judgment for damages against appellant; and they argue, therefore, that by reason of the filing of said amended complaint the subject-matter of the appeal has become moot.

It is evident, however, as appellant contends, that said subsequent proceedings cannot be considered in the determination of the merits of the appeal from the order made prior thereto, first, for the reason that said subsequent proceedings are not embodied in nor made part of the transcript on appeal, and consequently they are not properly before the court; and secondly, because, in any event, the amended complaint, not having been filed prior to the entry of the ruling refusing to dissolve the attachment, it cannot serve as a supporting ground for such ruling. ▮ As held in the following cases, if on motion for dissolution of attachment upon the ground of the insufficiency of the complaint it appears that the complaint can be made good by amendment, plaintiffs should be allowed to amend, but the amendment must be made before the decision is rendered on the motion to dissolve. (*Pinkiert* v. *Kornblum,* 5 Cal. App. 522 [90 Pac. 969]; *Hathaway* v. *Davis,* 33 Cal. 161, 169; *Hoffman* v. *Pacific Coast Const. Co.,* 37 Cal. App. 125 [173 Pac. 776].)

▮ It is true, as respondents contend, the courts have declared that a motion to dissolve an attachment cannot serve as a demurrer where the defect in the complaint can be covered by amendment (*Kohler* v. *Agassiz,* 99 Cal. 9 [33 Pac. 741]; *Force* v. *Hart,* 205 Cal. 670 [272 Pac. 583]), and that, therefore, if it appears from the complaint that the cause of action sued upon is one wherein a writ of attachment may properly issue, but the cause of action is defectively pleaded, as for example, where it is stated ambiguously or with uncertainty, the trial court is justified in denying the motion to dissolve the attachment. (*Hale Bros.* v. *Milliken,* 142 Cal. 134 [75 Pac. 653]; *Force* v. *Hart, supra.*) But where, as here, it appears that the cause of action stated in the complaint does not justify attachment proceedings against the defendant, and the plaintiff seeks by amendment to change the form thereof so that it will, he must, in order to continue

the attachment in force, amend before the decision is rendered on the motion to dissolve. (*Pinkiert* v. *Kornblum, supra.*) In the present case this was not done, and consequently appellant was entitled to a dissolution of the attachment.

The order denying the motion is therefore reversed with direction to grant the same.

Tyler, P. J., and Cashin, J., concurred.