[Civ. No. 18725. Second Dist., Div. One. Apr. 16, 1952.]

HAYWARD LUMBER & INVESTMENT COMPANY (a Corporation), Appellant, v. CONSTRUCTION PRODUCTS CORPORATION (a Corporation), Respondent.

Philip T. Lyons for Appellant.

Larwill & Wolfe for Respondent.

DRAPEAU, J.—Attachment was levied upon certain properties of defendant corporation, at the instance of plaintiff corporation. Plaintiff appeals from an order dissolving the attachment in part.

There were four counts in the complaint. The order dissolving the attachment released all property except $2,000 cash. Total demands against defendant in the first and fourth counts do not exceed this amount. So no point is made as to the effect of the order as to these two counts.

It is alleged in the second cause of action that under the terms of a written contract between the parties plaintiff put defendant in possession of certain parts and materials; that defendant agreed to sell said parts and materials at prices listed in the contract, and to pay to plaintiff the proceeds thereof; that plaintiff sold $3,483.98 of said parts and materials and failed and refused to pay said sum or any part thereof to plaintiff.

It is alleged in the third cause of action that in said contract defendant agreed to sell a minimum quantity of said parts and materials, or in the event defendant did not sell such minimum defendant would purchase the same and pay plaintiff therefor; that defendant breached the terms of said contract in that defendant failed to either sell said minimum or purchase the same from plaintiff, to the damage of plaintiff in the sum of $5,305.94.

Attachment will lie in an action for breach of contract when it appears by reference to the contract, complaint, and affidavit for attachment that the computation of damages alleged is reasonable, definite, and readily ascertainable. (*Force* v. *Hart*, 205 Cal. 670 [272 P. 583] ; *Hale Bros.* v. *Milliken*, 142 Cal. 134 [75 P. 653] ; *DeLeonis* v. *Etchepare*, 120 Cal. 407 [52 P. 718] ; *Lewis* v. *Steifel*, 98 Cal.App.2d 648 [220 P.2d 769] ; *Eaton* v. *Queen*, 78 Cal.App.2d 571 [177 P.2d 997] ; *Oil Well Core Drilling Co.* v. *Barnhart*, 20 Cal. App.2d 677 [67 P.2d 696].)

Even if one count of a complaint sounds in tort, when the action is based upon contract the provisions of section 537 of the Code of Civil Procedure are applicable, and a proper case for attachment is presented. (*Filipan* v. *Television Mart*, 105 Cal.App.2d 404 [233 P.2d 926].)

Plaintiff corporation met the test required by the law, and it was error to dissolve the attachment.

The order is reversed.

White, P. J., and Doran, J., concurred.