[Civ. No. 25595. Second Dist., Div. One. Dec. 12, 1961.]

MAX STOTLAND et al., Plaintiffs and Respondents, v.
MOBILE HOMES ENGINEERING CORPORATION
et al., Defendants and Appellants.

816

John E. Crooks for Defendants and Appellants.

Gyler & Gottlieb and Norman H. Gottlieb for Plaintiffs and Respondents.

LILLIE, J.—Defendants appeal from an order denying their motion to discharge an attachment. The sole question for determination is whether the present proceeding is one within the purview of subdivision 1 of section 537, Code of Civil Procedure, which authorizes an attachment in an action "upon a contract, express or implied, for the direct payment of money."

The complaint, carelessly or inartfully drawn, is somewhat

of a hodgepodge. Entitled "COMPLAINT FOR (1) Breach of Contract (2) Fraud and Deceit and (3) Guarantee of Contract," the first count alleges the execution of a written contract calling for the purchase of a "Mobile Home" (a luxury trailer), a copy of which is attached to the complaint and incorporated by reference, and certain options relative to the production of that type of vehicle; payment to defendants of $4,000; default in delivery by defendants; and damages in the sum of $10,500 being "the reasonable value of said Mobile Home" described in the contract of purchase. One of the options exercisable by the plaintiffs provides that "the said trailer may be delivered by (plaintiffs) to Ray's Trailer Sales in fulfillment of (the latter's) purchase order with the Company. From the funds so received in the sale of said trailer (the plaintiffs) shall be paid the sum of $4,500, the balance being retained by the Company." The additional $500 represents further sums expended under the contract.

The second count complains of certain false and fraudulent representations inducing the plaintiffs to enter into the agreement referred to in the first count; specifically, it was falsely represented that defendants had obtained a purchase order from Ray's Trailer Sales. Rescission is neither pleaded nor sought, but damages are demanded in the sum of $7,500.

The third count, after repleading each and all of the allegations set forth in counts one and two save those relating to damages, makes reference to a provision in the contract by which the individual defendants (1) personally guarantee[1] performance by Mobile Homes Engineering, of which they declare themselves to be the sole owners, and (2) further agree that in the event of certain stated contingencies "the sum of $4,500 will be personally paid" by said individual defendants to the plaintiffs. "Damages" in the sum of $4,500 are prayed for in this count.

The affidavit in support of the attachment states that defendants are indebted to plaintiffs "in the sum of $4,500 . . . over and above all legal setoffs, and counterclaims, upon an [sic] written contract for the direct payment of money, to-wit:

---

[1] We have undertaken to supply the word "guarantee" in the pertinent paragraph of count three which reads as follows: "Under the terms of the said contract defendants JOSEPH R. LAIRD, JR., CONAL BRADY, CHARLES PENNINGTON [guarantee] the performance of the defendants MOBILE HOMES ENGINEERING CORP. and to assume indebtedness of said corporation to the extent of $4,500.00, individually and collectively."

Sale of Mobile Home and guarantee of same.'' The writ subsequently issued for $4,500 only.

Citing our decision in *Allen* v. *Merchants Electric Co.* (Cal. App.) 1 Cal.Rptr. 186,[2] appellants argue that count one of the present action is solely for the sale and delivery of goods, as distinguished from an obligation for the direct payment of money; they point to the averment in the affidavit which expressly so states: ''Sale of Mobile Home . . .'' [██ While it is true that the affidavit is the essential foundation for the writ (1 Witkin, California Procedure, § 64, p. 904), it is also true that the complaint must likewise be treated as an affidavit, and ''in establishing the right to an attachment the pleadings must be considered in their entirety.'' (*Eaton* v. *Queen*, 78 Cal.App.2d 571, 576 [177 P.2d 997].) Unlike the situation in the *Allen* case where ''nothing is alleged from which an obligation to pay money can be implied in fact'' (54 Cal.2d 67, 69),[3] the complaint in the instant action incorporates the contract by reference, wherein (among other things) it is expressly provided that plaintiffs ''shall be paid the sum of $4,500'' upon the exercise of the options therein mentioned. Nor is *Willett & Burr* v. *Alpert*, 181 Cal. 652 [185 P. 976], relied on by appellants, in point; in that case, as in *Allen* v. *Merchants Electric Co., supra*, there was no express promise on the vendor's part to repay the purchase price or to pay any other sum of money. Too, it is well established that an attachment will lie in a breach of contract action where ''[T]he damages are readily ascertainable by reference to the contract and the basis of the computation of damages appears to be reasonable and definite.'' (*Force* v. *Hart*, 205 Cal. 670, 673 [272 P. 583].) This is such a case, for it appears from the allegations of the complaint that there was an actual default in delivery of the trailer and that respondent is actually out-of-pocket to the extent of $4,500 expended in reliance on appellants' promise to keep their end of the bargain. The fact that other sums are demanded which are not liquidated is immaterial (*Force* v. *Hart, supra*), this being a matter for proof upon the trial. It is likewise immaterial that the amount demanded in the complaint is greater (as

[2]Subsequently said decision was vacated by the Supreme Court which reached the same result. (*Allen* v. *Merchants Electric Co.*, 54 Cal.2d 67 [4 Cal.Rptr. 527, 351 P.2d 799].)

[3]In the earlier decision (*supra*, Cal.App.) 1 Cal.Rptr. 186, 188) we noted that ''There is no provision in any of the contracts in this case which in anywise expressly provides that the defendants will pay the plaintiff any money.''

here) than that stated in the writ. "The indebtedness set up in the affidavit need not include all the damages claimed in the complaint. There may be an attachment for a portion only." (*Hamilton* v. *Baker-Hansen Mfg. Co.,* 176 Cal. 569, 571 [169 P. 238].)

Having concluded that the first count of the complaint supports an attachment, it might well be that the availability of the provisional remedy under the remaining counts becomes more or less unimportant. Thus, it appears to be settled that the joinder of a claim for the recovery of the purchase money paid by the plaintiff with claims for unliquidated damages does not impair the right to attach for so much of the damages as are liquidated by the contract. (*Doud* v. *Jackson,* 102 Cal.App. 213 [283 P. 107].) Again, if one count of a complaint sounds in tort, when the action is based upon contract, the provisions of the attachment statute are applicable. (*Hayward Lbr. & Inv. Co.* v. *Construction Products Corp.,* 110 Cal.App.2d 386 [243 P.2d 52].)

 Contrary to respondents' position, the second count of the complaint does not allege an implied contract for the direct payment of money. As noted earlier, rescission is neither pleaded nor sought; nor does the cause seek to recover back the money paid to the vendors. It is plainly an action for fraud and deceit based on the vendors' asserted misrepresentations as to their engagements with Ray's Trailer Sales. Respondents say that "in cases involving rescission of a contract, the law will imply a promise of repayment which will support an attachment" citing *McCall* v. *Superior Court,* 1 Cal.2d 527 [36 P.2d 642, 95 A.L.R. 1019]; but the cited case must be distinguished, since in that proceeding there was an accomplished rescission. See also *Filipan* v. *Television Mart,* 105 Cal.App.2d 404 [233 P.2d 926], where facts showing an accomplished rescission were likewise pleaded. We cannot accede to respondents' suggestion that they be permitted to amend their complaint to include an allegation that the contract was rescinded; any such amendment must be made before the decision is made on the motion to dissolve. (*Wolford* v. *Neustadter,* 21 Cal.App.2d 417 [69 P.2d 909].)

The third count of the complaint is on the "guarantee" of the individual appellants respecting performance of the contract by the corporate defendant, as well as their promise to pay to respondents the sum of $4,500 if sufficient funds are not realized from the sale of the trailer. Respondents

correctly argue that the statutory phrase "contract, express or implied, for the direct payment of money" embraces a guaranty. (*Rose* v. *Pearman*, 163 Cal.App.2d 480, 483 [329 P.2d 501].) On the other hand, it appears to be undisputed that the trailer was the property of the corporation which was not a signatory to the guaranty just mentioned,[4] nor is judgment sought against it in this count of the complaint. Admittedly the individual defendants are the sole owners of Mobile Homes Engineering, and clause (14) of the contract, which is incorporated by reference, declares the foregoing to be the fact. However, there is no *alter ego* allegation, nor any hint that the instant cause of action seeks to pierce the corporate veil. Recently it was observed that "writs of attachment are available and proper as a means of securing to litigants the property of debtors which may be responsive to any judgment recovered in such cases" (*Paul* v. *Palm Springs Homes Inc.*, 192 Cal.App.2d 858, 863 [13 Cal.Rptr. 860]); but in the present action there are lacking sufficient allegations which would suggest the application of the rules restated in the case just cited. By the express provisions of section 540, Code of Civil Procedure, the writ of attachment must require the sheriff or other officer designated to attach the property of "such defendant" or "so much thereof [property of such defendant] as may be sufficient to satisfy the plaintiff's demand against such defendant . . ." As to this count of the complaint, the corporation not having been made a defendant, the motion to dissolve should have been granted as to such defendant.

In conclusion, we have a three-count complaint in which, as concluded above, an attachment could properly issue as to one count only; but that does not mean that a reversal of the order appealed from is required. From an overall standpoint, the gravamen of the action is ex contractu rather than ex delicto; the alleged tortious conduct stated in count two appears to be merely incidental to the contractual liability relied upon; or, as stated in *Oil Well Core Drilling Co.* v. *Barnhart*, 20 Cal.App.2d 677 [67 P.2d 696], it is unnecessary to prove the commission of a tort in order to make the contract counts good. Too, as pointed out earlier, a joinder with counts not supporting an attachment does not defeat the plaintiff's

[4] Following seizure of the trailer by the attaching officer, the property was released upon the posting of a cash undertaking by "Mobile Homes Engineering Corp., by Conal J. Brady, Sect. tr."

right to the provisional remedy. Under the circumstances, the trial court's ruling was proper.

The order is affirmed.

Wood, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied January 8, 1962.